IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
CASE NO. 23-10073-CC

IVAN JIMENEZ, *et al.*,

      Appellants,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

      Appellees.

_____/

**CERTIFICATE OF INTERESTED PERSONS AND
GOVERNMENT'S UNOPPOSED MOTION FOR
60-DAY ENLARGEMENT OF TIME TO FILE BRIEF**

In compliance with FED. R. APP. P. 26.1 and 11th CIR. R. 27-1(a)(9), the undersigned hereby certifies that the following have an interest in the outcome of this case:

**Bahr, David A.**

Department of Homeland Security

Department of State

**Eggleston, Jill A.**

Fajardo Orshan, Hon. Ariana

Gayles, Hon. Darrin P.

Gonzalez, Juan Antonio

Ivan Jimenez, et al. v. U.S. Dep't of Homeland Sec., et al.,
Case No. 23-10073-CC
Certificate of Interested Persons (Continued)

**Holzer, James V.M.L.**

Jiménez, Iván

Knopf, Andrew Franklin

Lapointe, Markenzy

Machado, Juan

**Matzkin, Daniel**

McClanahan, Kelly B.

Muñoz, Jose

**National Security Counselors, Inc.**

**Office of Biometric Identity Management**

Otazo-Reyes, Hon. Alicia M.

**Panuccio, Brittany Bull**

**Paul Knopf Bigger PLLC**

**Perez, Karina**

**Pineiro, Fernando**

**Raurell, Carlos**

Rubio, Lisa Tobin

Sención, Guillermo

**Ivan Jimenez, et al. v. U.S. Dep't of Homeland Sec., et al.,**
**Case No. 23-10073-CC**
**Certificate of Interested Persons (Continued)**

**Stein, Eric F.**

**U.S. Citizenship and Immigration Services**

**U.S. Immigration and Customs Enforcement**

Vásquez, Miguel

/s/ *Brittany Bull Panuccio*
Brittany Bull Panuccio
Assistant United States Attorney

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 23-10073-CC

IVAN JIMENEZ, *et al.*,

    Appellants,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    Appellees.
_____/

## GOVERNMENT'S UNOPPOSED MOTION FOR 60-DAY ENLARGEMENT OF TIME TO FILE ANSWER BRIEF

The United States of America, pursuant to Federal Rules of Appellate Procedure 26 and 31, and Eleventh Circuit Rules 26-1, 27-1, and 31-2, respectfully requests a 60-day enlargement of time to file its answer brief, which is currently due on October 20, 2023.

Appellants Iván Jiménez, Juan Machado, Jose Muñoz, Guillermo Sención, and Miguel Vásquez sued the agencies in the Southern District of Florida under FOIA, 5 U.S.C. § 552, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651. *See* DE 1:2.[1] This case is about Appellants'

---

[1] Appellants have since moved this Court to voluntarily dismiss Guillermo Sención from this case. *See* App. DE 30-1; App. DE 40-1.

records requests to the State Department and two Department of Homeland Security components—the Office of Biometric Identity Management ("OBIM") and the United States Citizenship and Immigration Services ("USCIS"). *Id.* at 3. Appellants asserted ten causes of action stemming from their records requests—three for OBIM records, three for USCIS records, and four for State Department records. *Id.* at 3–13. All of Appellants' FOIA requests sought records "pertaining to the revocations of their visas." DE 61:1.

The agencies requested an extension of time to respond to the Complaint to allow them "to promptly provide [Appellants] all information to which they are entitled under FOIA before a response to the Complaint is due." DE 12:1. The district court granted the agencies' request, administratively closed the case, and required the parties to file successive status reports about the agencies' "progress in providing [Appellants] with the requested documents." DE 14.

After completing their responses to Appellants' FOIA requests, the agencies moved for summary judgment on all counts. DE 29. In their motion, the agencies argue that they "conducted adequate searches for records responsive to [Appellants'] requests and properly withheld certain information pursuant to well-established FOIA exemptions." DE 29:1. In support, the agencies proffered the Declarations of James V.M.L. Holzer on behalf of OBIM, Jill Eggleston on behalf of USCIS, and Eric Stein on behalf of the State Department. *Id.* at 6, 8, 9; DE 29-1; DE 29-2; DE

2

29-3; DE 29-4. And the government filed the Declaration of Fernando Pineiro on behalf of USCIS' Immigration and Customs Enforcement ("ICE"). DE 54; DE 54-1–54-6.

In their cross-motion for summary judgment, Appellants argued the district court should deny the agencies' motion and grant theirs instead because the agencies "performed inadequate searches for records responsive to" some of Appellants' FOIA requests and "failed to demonstrate that there are no genuine issues of material fact regarding their withholding of information responsive to" some requests. DE 61:4. But Appellants first asked the court to address two threshold issues—(1) their demand for correspondence relating to their FOIA requests listed in the first six causes of action, and (2) their request for denial of the presumption of good faith for two of the agencies' declarations. *Id.*

The district court entered judgment for the agencies, granting their motion for summary judgment and denying Appellants' cross-motion for summary judgment. DE 103:2 (affirming and adopting report and recommendation, DE 86). The district court started by addressing two threshold issues Appellants raised: First, the court rejected Appellants' challenge to the agency officials' declarations "on the grounds that the declarants should have attached copies of … the agencies' … [c]orrespondence" with Appellants about their FOIA requests. DE 86:9–10. Second, the court concluded that Appellants failed to "overcome the good

3

faith presumption that attaches to" two of the declarations. *Id.* at 11. Turning to the merits of Appellants' FOIA claims, the district court found their claim that OBIM conducted inadequate searches to be unavailing. *Id.* at 11–13. The court also found that the agencies properly relied on FOIA exemptions 3 and 5 to withhold visa revocation and adjudication records.[2] *Id.* at 13–17.

Appellants timely appealed, DE 104, and moved for partial summary reversal, App. DE 19-1. Without reaching the merits of their FOIA claims, Appellants raised three so-called threshold issues: To begin, Appellants challenged the district court's conclusion that the agencies were not required to include copies of correspondence about Appellants' FOIA requests with their declarations supporting the agencies' motion for summary judgment. *Id.* at 4–5, 10–15. In addition, Appellants disagreed with the district court's finding that DHS regulations did not require OBIM "to route Appellants' partially misdirected FOIA requests … to [CBP]." *Id.* at 5, 15–18. Finally, Appellants argued the district court "fail[ed] to address the foreseeable harm standard … without which it could not legitimately find that the Department of State

---

[2] FOIA Exemption 3 allows the withholding of information prohibited from disclosure by another statute. *See* 5 U.S.C. § 552(b)(3). And Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." *Id.* § 552(b)(5). Exemption 5 includes documents protected by the attorney-client and work product privileges, *see Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1262–63 (11th Cir. 2008), as well as the deliberative process privilege, *see Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277 (11th Cir. 2004).

4

[] properly withheld any information under Exemption (b)(5)." *Id.* at 5, 19–21. This Court denied Appellants' motion for partial summary reversal. App. DE 25-2.

On appeal, Appellants raise six issues. Br. at 1–2. First, Appellants argue the district court erred by "holding that DHS did not have to file copies of FOIA correspondence on the record when seeking summary judgment regarding the FOIA requests at issue in Counts 1, 2, 4, and 5." *Id.* at 1. Second, Appellants argue the district court erred by "holding that Appellants failed to refute the presumption of good faith regarding the Holzer and Pineiro declarations." *Id.* Third, Appellants argue the district court erred by "holding that Appellees performed adequate searches for records responsive to the FOIA requests at issue in Counts 1, 2, 4, and 5." *Id.* Fourth, Appellants argue the district court erred by "holding that DHS, acting on behalf of [OBIM], was not required to route the FOIA requests in Counts 1 and 2 to [CBP]." *Id.* Fifth, Appellants argue the district court erred by finding that the agencies "properly withheld information from the FOIA requests at issue in Counts 1, 2, 4, 7, 8, and 10." *Id.* Sixth, Appellants argue the court erred by "failing to address the question of whether [the agencies] released all reasonably segregable information." *Id.* at 2.

The government respectfully requests a 60-day extension for several reasons. First, the requested extension would allow time for completion of the internal review process required before the government's brief may be filed.

Second, Appellants raised six issues—most of which address multiple Counts/FOIA requests—in their lengthy initial brief.

Third, undersigned counsel has obligations in other cases and will be traveling and taking leave during the week that the government's brief is currently due.

Finally, our office is preparing for a potential government shutdown starting October 1st in case the government does not receive funding.

Undersigned counsel has conferred with Appellant's counsel of record, Kelly B. McClanahan, who does not oppose the requested extension of time.

WHEREFORE, the United States of America respectfully requests a 60-day extension of time, through December 19, 2023, in which to file its answer brief.

> Respectfully submitted,
>
> Markenzy Lapointe
> United States Attorney
>
> /s/ *Brittany Bull Panuccio*
> Brittany Bull Panuccio
> Assistant United States Attorney
> 500 S Australian Ave., Ste. 400
> West Palm Beach, FL 33401
> (561) 209-1053
> Brittany.Bull@usdoj.gov

Daniel Matzkin
Chief, Appellate Division

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1) of the Eleventh Circuit Rules, I hereby certify that this motion complies with the type-volume limitation applicable to motions under Rule 27(d)(2)(A), because this motion contains <u>1246</u> words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion for extension of time was electronically filed with this Court and served on all counsel of record via CM/ECF on September 27, 2023.

/s/ *Brittany Bull Panuccio*
Brittany Bull Panuccio
Assistant United States Attorney

*ms*